FILED - LN
July 16, 2026 3:33 PM
CLERK  OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY·  jlg /_____    SCANNED BY: NI, 7/16

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,


v.                                                    Case No. 1:06-cr-32-PLM


LAKENTO B. SMITH,

        Defendant.

_____/


## EMERGENCY MOTION TO GRANT EARLY TERMINATION OF SUPERVISED RELEASE

**COMES NOW,** Lakento B. Smith, proceeding Pro Se Defendant, moving this Honorable Court pursuant to 18 U.S.C. 3583 (e), respectfully requesting that this Court terminate supervised release based upon the foregoing:

### Statement of Facts

On February 03, 2006, a Criminal Complaint was issued against Mr. Smith (Doc. # 1), and on February 09, 2006, a Grand Jury

1 | P a g e

Indictment was handed down against Mr. Smith (Doc. # 11). On April 03, 2006, the Government filed an Information to Establish Prior Conviction (Doc. # 26). On May 11, 2006, a Superseding Indictment was handed down charging Mr. Smith with multiple drug charges and a firearm count (Doc. # 36). On June 26, 2006, his Jury Trial commenced (Doc. # 54) and on June 29, 2006, Jury Verdict was handed down finding him guilty on all counts (Doc. # 64). Mr. Smith was sentenced as to Counts 1-2, to life of imprisonment and Count 3, thirty years of imprisonment (Doc. # 72), all appeals were unsuccessful. On July 17, 2025, President Biden granted Mr. Smith Executive Clemency, and he was released on July 16, 2025 (Doc. # 127).

Defendant Smith is due to be discharged off his 8-year term of Supervised Release on July 16, 2033, however, Lakento B. Smith, respectfully request due to having 12 months of clear conduct while on Supervised Release; has maintained successful operation of his own business BB Smith Trucking LLC that has been a reliable and steady source of income and his current U.S. Probation Officer not opposing early termination of supervised release and his demonstration of successful reentry back into his new Houston Community and his wife providing him with a fresh start in Houston; thus, Mr. Smith is surely worthy of Early Termination of Supervised Release in these unique circumstances in the matter herein.

2 | P a g e

## **Reasons to Justify Granting Emergency Early Termination of Supervision**

Defendant Smith, asserts that as of July 16, 2026, he has completed 12 months of Supervised Release has had no violations; all clean urine screens; has maintained his box truck business with his wife after his release; and is working on starting his mentorship program in Houston, Texas, thus, Defendant Smith has demonstrated strong evidence that he is rehabilitated himself through his actions since his release from federal prison. He is in good standing with his Supervised Release Officer and does not oppose early termination supervised release. Defendant Smith is the owner and operator of BB Smith Trucking LLC, and it requires a lot of hard work and dedication but due to being reliable and dependable the box truck business has been successful.

Mr. Smith since his release has become a positive and productive member of society and has gained strong Family Ties with his Family Members and host of friends. Due to all his hard work since being released Mr. Smith and his wife rent a nice cozy apartment, thus, has really reintegrated back into society.

Defendant Smith, asserts that this Honorable Court should consider the Section 3553 (a) factors before deciding whether to terminate

Defendant's Supervised Release, see United States v. Spinelle, 41 F.3d 1056 (6th Cir. 1994), in Spinelle he sought early discharge after serving one year on supervised release and the district court granted the defendant's motion, however the Government appealed but the Sixth Circuit upheld the lower court's decision as the result of the district court's articulation of the Section 3553 (a) factors.

Defendant Smith states that regarding the relevant Section 3553 (a) factors, as they relate to him, are as follows:

Consistent with 18 U.S.C. 3553 (a) (1), the history and characteristics of the defendant;

Defendant Smith, asserts that he is now a married man and a proud business owner of BB Smith Trucking LLC and has truly begun a fresh start in Houston, Texas becoming a positive and productive member of society and an asset to the Houston Community. He is a true Family Man and spends lots of time with his wife and enjoys working out several days a week to keep his body in shape.

Mr. Smith's history and characteristics weigh in favor of granting Early Termination of Supervised Release in the case herein.

Consistent with 18 U.S.C. 3553 (a) (2), the need for the sentence imposed;

Defendant Smith asserts that he is serving eight (8) years of Supervised Release and has served to date one year of supervised release and his current discharge date from Supervision is July 16, 2033, however, due to Mr. Smith's exceptional reentry back into society and the fact that this hinders him from his ultimate goal of becoming a cross-country semi-driver so he can make big bucks as a sub-contractor or independent contractor in addition to his box truck business he currently operates successfully. This factor weighs in favor of granting Early Termination of Supervision in the situation herein.

Consistent with 18 U.S.C. 3553 (a) (2) (1), to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

Defendant Smith states that he served 20 years behind bars and to date has successfully completed one year of supervised release, thus, as the result of his successful rehabilitation he has received just punishment for the crime committed back in 2006, over 20 years ago.

Consistent with 18 U.S.C. 3553 (a) (2) (2), to afford adequate deterrence to criminal conduct;

Defendant Smith is working with his wife to start a mentorship program here in Houston, Texas to give back to the community. Mr. Smith looks forward to mentoring young, troubled youths and he has

demonstrated adequate deterrence to criminal conduct and this factor weighs in favor of granting Early Termination of Supervision.

Consistent with 18 U.S.C. 3553 (a) (2) (3), to protect the public from further crimes of the defendant;

Defendant Smith states that he owns and operates BB Smith Trucking LLC and his box truck business keeps him busy and he makes decent money doing so and all that he does is operate business, workout and spend quality time with his wife, thus, Lakento B. Smith is an asset to the Houston Community so this factor weighs in favor of granting Early Termination of Supervision as he is a positive and productive member of society in the situation herein.

Consistent with 18 U.S.C. 3553 (a) (2) (4), to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Defendant Smith asserts that since his release he has started and operates BB Smith Trucking LLC in Houston, Texas where he resides with his wife Malka Smith and his become an asset to his community. Moreover, Defendant Smith states that he has done an exceptional job at demonstrating evidence of rehabilitation and turning his life around now being a positive and productive member of society in which weighs in favor of granting Early Termination of Supervision in the situation

herein. See Exhibit A (Personal Letter of Lakento Smith); and Exhibit B (Support Letter of Malka Smith).

Consistent with 18 U.S.C. 3553 (a) (3), the kinds of sentences available;

The U.S. Sentencing Commission enacted major amendments to the federal sentencing guidelines for supervised release, effective November 1, 2025. These changes mark one of the most significant shifts in supervised release policy since the **Booker** decision, moving away from a one-size-fits-all model toward individualized, case-by- case decisions.

1. *Judges must now make individualized determinations on whether to impose supervised release, its length, and conditions, based on statutory factors and the defendant's unique circumstances.

*Courts must justify their reasoning on the record when imposing, declining, or modifying supervised release.

2. Early Termination Presumption

*A strong presumption in favor of early termination applies after 50% of the term….

The Purpose and Impact of the 2025 Amendment to Supervised

Release, thus, the Commission's intent is to:

*Reduce unnecessary supervision by tailoring terms to actual risk and rehabilitation needs

*Focus resources on higher-risk cases

*Improve fairness by ensuring sentences reflect individual culpability and circumstances, not just statutory default.

Due to the fact that Mr. Smith served 20 years of imprisonment and since being released is a true family man and business owner he has demonstrated that he is a positive and productive member of society, and it is justified by reducing his supervised release as further supervised is unnecessary is his case.

Consistent with 18 U.S.C. 3553 (a) (6), the need to avoid unwarranted disparity among defendants with similar records and similar crimes;

Defendant Smith, contends that he is unaware of any unwarranted disparity "if" the Court decides to render a decision to grant Early Termination of Supervised Release as Mr. Smith has no co-defendants in the matter herein.

Consistent with 18 U.S.C. 3553 (a) (7), the need to provide restitution to any victims of the offense;

Defendant Smith, asserts that he has no restitution and has long paid in full his $400 Special Assessment Fee, thus, this factor is not relevant in the case herein.

Lakento B. Smith's good behavior; relocating to Houston, Texas to begin a fresh start with his wife Malka Smith; operating his own business entitled BB Smith Trucking, LLC; and he is working on securing his CDL license in hopes of being able to travel cross country driving semi-trucks but he seeks early termination before doing so due to the restrictions of supervision, thus, demonstrates that he has become a positive and productive member of society, therefore, he is worthy of Early Termination of Supervision in the case herein. See United States v. Spinelle, 835 F. Supp. 987 (E.D. Mich., Oct. 18, 1993) (Granting Early Termination of Supervised Release due to Defendant's Meritorious rehabilitation efforts); United States v. Garner, 936 F. Supp. 785 (D. Man., Aug. 7, 1996) (Granting Early Termination of Supervised Release due to Defendant's because maintained full-time employment; completed Drug Treatment; and attended college justified terminating supervision); United States v. Etheridge, 999 F. Supp. 2d 192 (D.D.C., Nov. 20, 2013) (Considering factors recommended to be considered by

the Judicial Conference on Criminal Law and the Court noted that Mr. Etheridge's post-conviction conduct demonstrates that he has changed his behavior so significantly that additional supervision – whether for the benefit of the public or Mr. Etheridge – is unnecessary, thus, the Court GRANTED Early Termination of Supervised Release.); United States v. Nelson, 2012 U.S. Dist. LEXIS 115459, 2012 WL 3544889, at *3 (E.D. Wis., Aug. 12, 2012) (finding that early termination was appropriate when the defendant held two jobs and had completed more community service hours than his sentence required); United States v. Eric L. Crenshaw, Case No. 1:12-cr-00166-JTN-2, Doc. # 168 (W.D. Mich., 2019) (Defendant Crenshaw was serving a three-year term of supervised release after being released on supervision on December 14, 2018, however, the district court on December 30, 2019, granted early termination of supervised release); and United States v. Hayes, Case No. 2:95-cr-00135-PP, Doc. # 586, (E.D. Wis., Feb. 15, 2022) (Denying Hayes' Early Termination of Supervised Release motion, however, the Court noted that: "The Court has granted early termination a few times over the years. It has had defendants who have contributed many volunteer hours to community service. It has had defendants who were offered jobs in other states and could not move while on supervision. It has had defendants who were applying for professional licenses that they could not obtain if they were on

supervision. The defendant has not demonstrated those kinds of circumstances) (emphasis added).

## CONCLUSION

In conclusion, Defendant Smith, concludes that Section 3553 (a) factors weigh in favor of **GRANTING** Lakento B. Smith's Pro Se Emergency Motion to Grant Early Termination of Supervised Release as it will serve the interests of **JUSTICE** because additional Supervision until July 16, 2033, will not benefit the public or Mr. Smith, therefore, Early Termination is warranted in the matter herein.

Respectfully submitted,

Date: 07 / 07 / 2026

Mr. Lakento B. Smith

2016 Main Street

Apt. # 720

Houston, TX. 77002

## **Certificate of Service**

I, Lakento B. Smith, certify that on _____ July _____ , _7th_ , 2026, my "Next to Friend" personally hand delivered to the Lansing Clerk's Office my Pro Se Emergency Motion to Grant Early Termination of Supervised Release to this Honorable Court and mailed one copy to the opposing party listed below herein:

AUSA Patrick J. Castle

U.S. Attorney's Office

P.O. Box 208

Grand Rapids, MI. 49501-0208

Date:_07_/_07_/_2026_                    /s/_____Lakento B. Smith_____

                                         Mr. Lakento B. Smith

                                         Pro Se Defendant